OPINION of the Court, by
Judge Boyle.
— This was a bill in chancery, in which the appellants were complainants in the court below. They allege that the appellee undertook to locate and clear out, for Joseph Davis, dec’d. a land office treasury warrant, of 400 acres, for the half thereof. They do not pretend to know whether the warrant was assigned to the appellee, or whether it has, in fact, been located by him ; but they assert that he has repeatedly confessed that he had located it upon good land, on Graves’s creek, in Harrison county. They lay claim to the land by a demise from Joseph Davis to the complainant Jane, who has intermarried with the complainant James.
The appellee filed a plea to the jurisdiction of the Lincoln circuit court, in which he avers that the “ exclusive cognizance of the said cause, of right belongs to the circuit court for Harrison circuit; in which said circuit the appellee is, and was, long before the filinc; of the bill, a known resident, and in which said circuit the creek or run, on which the land is charged in the bill to have been entered, lies.”
To this plea the appellants demurred; and the court below overruled the demurrer, and awarded to the appellee his costs. From this decree an appeal has been taken, and two questions are now made for the decision of this court: 1st. Had the Lincoln circuit court jurisdiction of the cause ? and 2dly. If the court had not jurisdiction, is the decree of the court erroneous in awarding costs to the appellee ?
The recent establishment of our courts precludes the idea of their deriving any portion of their authority from the common law, or from immemorial usage or prescription. It is only from a just exposition of the laws instituting the courts and delegating to them their powers, that we can learn the true extent and limits of the jurisdiction they possess. By the seventh section of the act establishing circuit courts, it is enacted, “ that the circuit courts established by this act shall have jurisdiction in ail causes, matters and things, at common law and in chancery, within their respective circuits.” Though it is evident that the latitude of the expression here used is sufficient to give to the courts general ju *410 risdiction as to subjects of litigation, yet it is equally clear that their powers are circumscribed by the territorial limits of their respective circuits. These limits can no more be transcended by them when sitting as courts of chancery, than when acting in the capacity of courts of common law. For injuries done to land, the the cause of acticn is local, and immovably fixed to the place where the injury has happened. Hence, at law, local actions, where possession of land is to be recover» ed, or damages for waste, or for an actual trespass, &c. must be brought in the county or circuit where the injury has been done — See 3 Tuck. Black. 293, and note of the editor, and 1 Bacoiris Abridg. title action. But for injuries that may happen any where, the cause of action is supposed to be transitory; and in such cases the de~ iendant is liable to be sued wherever he may be found. Thus, where one borrowed money of the Dutch West India Company, which he, by articles, covenanted to pay in bank at Amsterdam ; an action was held to lie for it in England — 1 Strange, 611. Analogous to this distinction at law between actions local and transitory, it has been held in chancery, that where the decree is to affect the land directly, as in the case of a suit brought for a partition, or for dower, then the court cannot entertain jurisdiction only where the land lies : but where the decree is to affect only the person of the defendant, in order to a complete execution of it, as, for instance, where the bill seeks to have the performance of au act or duty which may be done anywhere, then jurisdiction attaches to the court wherever the defendant may be found — See 1 líen, and Mun. 6.
The residence of the defendant is not that which gives jurisdiction, either at law or in chancery ; it is the existence of the cause, matter or thing within the limits prescribed to the powers of the court. Therefore, where the cause of action is local, the jurisdiction attaches to the circuit where the injury was done ; but where the cause of action is transitory, adhering to the defendant wherever he goes, his liability to be sued attaches to him wherever he may be found, withoutregard to his place of residence.
In the present case, the appellee was found within the territorial limits prescribed to the jurisdiction of the Lincoln circuit court. The decree sought for is for a *411 conveyance of tbe land or a compensation in damages, either of which acts can be done any where—as well in JLincoln as in Harrison. It appears, therefore, that the court below erred in overruling the demurrer of the appellants.-——-Decree reversed..