Opinion- op túe Court;
MANY years ago, in conjunction with others,' John C. Owings and Walter Beall formed a partnership for the purpose of erecting and carrying on iron works in the state of Kentucky; and after the company had contracted many debts and having various debts due them, the latter sold to the former his interest in the partnership concern, for a stipulated sum; and at the same time, to wit, the 18th of June, 1803, together with Thomas t). Owings his surety, the former executed to the latter a mortgage on various tracts of land and other property, conditioned, among other things, to be void if the said John C. Owings .and Thomas D. Owings shall indemnify and save harmless the said Walter Beall from all and every of the creditors of John C. Owings and Company, whether by judgment, bond, note, specialty, simple contract, or otherwise.
After this, John C. Owings made and published hie last will and testament, therein devising to his son, J ohn Owings, all his estate in this country; and having departed this life, his will was admitted to probat, and the devisee, John Owings, thereafter sold and conveyed the estate to him devised to Thomas D. Owings, the surety of John C. Owings in the mortgage to Beall.
The mortgagee, W. Beall, subsequent to the date of the mortgage, also made and published his last will and testament, therein devising to his son, Samuel Beall, all matters, things and interest included in the mortgage of the Owingses; and the said Waiter Beall having departed this life, his will was duly admitted to record; but .the executors named in the will having refused to take upon themselves the execution of the will, administration, with the will annexed, was granted to Nor* borne Beall.
Norborne Beall, the administrator, and Samuel Beall, the devisee, then exhibited their hill in the Breckin-ridge circuit court against Thomas D. Owings; and after setting out the contradS-bet^reen John C. Owings and Walter Beall, and the ms&tjjage given by the former ^¿Thomas* D. Qwingjgypksurety, in pursuance *105 thereof, and after stating1 the devise from John C.' Givings to his son-John, and the sal'e from the devisee ‡©; Thomas D. Owings, together with the devise by Walter Beall to his son,'Samuel Beall, tile bill charges, ámong otherjthings, that the said John C. Owings and Thomas D. Owings have not indemnified and saved harmless the said.Walter^ Beall from all the creditors <sf John Q, CKwings and company; hat the said Walter Beall in his lifetime^ add his^ representatives since hia death, have been compelled' to p.ay the following demands, which were owing by John G» Owings and Company at the date of the mortgagh, tp'wit: $117 56, with interest, to Thomas Crawford-; £$4 9s. 9d. with interest and costs, to Walter Chiles; $>2,655 88, with interest, &c. to Peter B. Ormsby, and also to said QrmsbjTne further sum of $3,394 50, with interest; the former sum paid to Ormsby under a -judgment of the federal' court, the latter sum paid him under a judgment of the Nelson circuit court.
,yTh,e bill moreover alleges, that part of the land con - taped in the mortgage lies within the jurisdiction of tile.' Breckinridge circuit court, and prays that the mortgaged properly may be sold to satisfy the various sums which tire mortgagee, Walter Beaíl, and his representatives, have been compelled to pay for the company-of John C. Owings and Co. and for general relief, &c£# ;¡
Upon this bill, there issued against Thomas D. Ow-ings a subpoena in chancery," from the clerk’s office of the Breckinridge circuit court, and which, from the transcript contained in the record, purports to have been-directed to the sheriff of Franklin county, and was fejytliV sheriff of Franklin returned executed on Qw-ing$|i -At" the term of the Breckinridge circuit court to w-fffi® the subpoena wks made returnable, Owings, by hi’|i-^i!Msel, appeared and offered to proye that when thefeibpeena was issued by'the clerk, the name of the county to which it now purports to have been directed was blank,sand moved the court on that ground to quash the Subpoena; but the court refused to hear the evidence, and overruled-the motion’; and, we appre-Ijgtíd, correctly. ■ ■
i^' We admit, strictly speaking, a clerk'ought-never to issue from his offieg a sjibpoena in chancery, without inserting therein ‘ ‘ to which it is intended to *106 be directed; but we suppose it incompetent for a dé-fendant, by motion, to question tbe regularity of a subpoena upon the ground taken in the court below, where, as in this case, fit the time of making the motion, the subpoena upon its face contains every thing essential to its validity. It would be more consistent with the regular rules of practice, and less embarrassing to the business of tbe court, to require suqhtbbjections to be taken, as we think they ought, by plesfch'p abatement. .
A subpoena in chancery oughtnever to go out of the clerk’s office until the name of the county,to the sheriff of which it is intended to be sent,i;ii inserted.
But if it goes out in blank, and' before it is returned the name of" -‘he county in -i-hioh it was ixocntod on rile defendant j- inserted, it a i:inot be set aside on motion ; a plea m abatement would.be the proper de-fence.
A bill in Chancery, merely to foreclose, the «•¡city of redemption in lands mort-e i,yd, and iivest the mortgagee with an entire right to the mortgaged property without sale, is a personal action and , the bilí must be filed in tbe county where the defendant resides or may be found
*106 After the,motion to quash the subpoena-was overruled, tbe cause was continued; and at the next term the defendant filed a plea, alleging that he was not, at tbe impetralion of Ifie original process in this cause, nor at any time before or since, a resident of Breckin-ridge county; but that he was then, and still is, a resident of Bath county; and that tbe jurisdiction of the-complainant’s supposed cause of action,©f right Belongs to the circuit court of Bath, and not that of Breckin-ridge; and concludes by praying judgment whether he shall answer further, &c.
After this plea was filed, the cause was continued'io the next term; and at the next term, tbe ordér filing tbe plea ivas set aside, and though the plea was again oifered, the defendant was not permitted to file it. Several exceptions were taken to the opinion of tbe court in relation to the plea; but without more particularly noticing them, it is sufficient to rShaark that We entertain the opinion, the plea contains no sufficient objection to the jurisdiction of the Breckinridge circuit court.
2. Where equity acts, in giving relief, exclusively on the person, it is not denied but that in a suit against one defendant only, it would be irregular for the clerk to issue a subpoena against him-to another county, .unless at the commencement of the suit the defendant'resided in the county from whence, the process issued, and afterwards removed to some other county. -In such a case, the cause of action follows the person; the court of the circuit where the. defendant may he, possesses jurisdiction of it, an.d.the process of the.oourfi would be confined to that circuit.
But it is not in every case that equity acts-alone on the person. There are cases where it acts on the thing; and in such cases, the court of the circuit where Hie thing may be, .possesses jurisdiction over ityand- *107 fatal1 the office ?$? t’bát fcourt •'process máy be sent d§ainst the defendant to-any oth’ér cdjiniy. Thus, for ■example, in cases..of partition aiid dower, equity acts on the thing in demand by directing partition or the assignment of dower,-and in those cases, thfe jurisdiction of the court of the'circuit in-which ihe property of ivhich jjprtitioajlpf’lFbwer'' is ‘sought, has never been doubted,"thoUglí'tíj?iifl>b;rsdn against whom the claim is made, never was in -the circuit. ’ And so, we apprehend, the circuit court of Breckinridge, where part of the’mortgaged property lies, possesses jurisdiction in the present case. - That court; perhaps, might not have possessed-jurisdiction, if, instead of seeking a sale of the mortgagee-property, the complainants had barely prayed.á Toréelos,ufe ¿f, thé 'defendant’s equity of redemption therein for then’ the cfecree giving - relief wodfdhave only acted on the pefson of the defendant, and the cause of action might be considered as following the person and attaching to the court of the circuit ■win&ever he might be. But a mortgagee may either compel a-sale of the estate, in order to get the whole’ qf his money immediately, or else call upon the mortgágor-to redeem his estate-presently, or in default ¿hereof to-be forever fareclosed from redeeming the same; and though in. the latter cáse the decree might be supposed properly tolact on the person of the mortgagor, in the former casé, it acts emphatically on the thing mortgaged.
But if the bill prays for a’ sale of the property to satisfy the debt, it may be brought ill the co duty where the land lies, or where any of it lies if it is in different counties, and the subpoena sent to any county where the defendant may be found
■Thomas D. Owings finally answered, admitting the partnership between John C. Owings, Walter Beall, &Ci for the purpose of conducting iron works, and ad-imMhg. the sale by Beall of his interest- to John C. Ow-ÍB&.¿.nd the execution of thé mortgage by said Owings andftknself for the purposes therein mentioned. He alifd's@i®its, that he bas, by purchase from Johri O'wjngs, tb&’&eviiee of John C. Owings, become interested, as charged ist the bill; but he denies that the company agai-nst whose debts the riiortga-ge was intended to indemnify Walter Beall, was liable to the demands which thércomplamants allege the said Walter Beall and his rdpresentatives have been compelled to pay, and for wM®li-they seek indemnity.. Me. charges, that áince thé death of Walter’ Beall, an agreement was entered rftto’befeWeen hinv and- the complainant,.Samuel Beall, whereby, among, other things, a judgment’ which John *108 C. Owings, &c. obtained against Elisha Winders, for £1847 14s. was by him, the said Thomas D. Owings, transferred to the said Samuel Beall, he, said Thomas D. Owings, at the game time stipulating for tbe justness of the demand on Winters, and the said -Samuel agreeing that the amount of the judgment should stand as a. credit to said Thomas D„ Owings in any and.gvery demand which the said Walter, dec. had-against him, on account of the purchase by John C. Owings, of the said Walter’s interest in the partnership concern-, and he, the said Thomas D. Owings, alleges, that the judgment on Winters is just, and insists, that so much thereof as may be necessary, should be applied in satisfaction of any demand which the complainants may establish against him; and after making his answer a cross-bill, prays for a decree to be pronounced in his favor for whatever may, on a fipal hearing, be ascertained to be equitable, &c.
Judgments are not evidence against thus- -"ho are neid:.)i- par-tir.-; nor privies.
The complainants responded to this, answer; hut their response contains nothing material to the questions-presented for the decision of this court, and need not be further noticed.
On a filial hearing, tbe court below was of opinion-, that tbe complainant, Norborne Beall, was entitled to relief for the amount of tbe demands which we have noticed as being contained in tbe bill, and pronounced a decree accordingly, and ordered the mortgaged property to be sold to satisfy those demands.
To reverse that decree, Owings has brought the cause before this court.
After the preliminary objections taken to the proceedings, and which have been already noticed, we-are brought by the assignment of errors, to examine the decree upon its merits.
3. And here it is proper-to remark, that we have been unable to discover in the record, any evidence ‘calculated to prove the liability of John C. Owings and company, to the demands set up by the complainants in their bd!. It is true, judgments appear to have been recovered against W alter Beall in bis life-time, upon each of those demands; hut each recovery was had after th® contract was made between him and John C. Owings; and although each judgment would be evidence against Beall and his representatives, in a contest between either of them and the persons in whose, favor the judg- *109 prints were recovered, neither judgment is evidence of -fie liability of. the iron company, .against Thomas D. •Owings who was neither party nor privy thereto. For fit is an established rule, never to allow a judgment in one cause to be evidence in another, against .a person who was no party to the judgment, and who claims not under sgeh as. w$ré parties.
■ It resms, therefore, that the court erred in decreeing any .relief to Norborne Beall.
. -respect to the claim set up by Owings, in his answer, and as to which by way of cross bill, he prays for a decree, it may be remarked, that according to the agreement between Owings and the complainant, Samuel Beall, ;that claim, which consists of the j udgment against Winters, was to stand ;as a credit in favor of Owings, against' such claims as Beall might' have against him, under the' contract between Walter Beall”and John 0.
Owings, and consequently, cannot form the basis of a decree in favor of Owings, to any other extent.
The decree must be reversed with costs, and the cause remanded to the court below, and the bill of the complainant dismissed with costs.