Judge Owsley
delivered the Opinion of the Court.
^Absent Chief Justice Bibb.]
Under an entry for four thousand acres of land made in the name of Thomas Austin, the 24th of June, one thousand seven hundred and eighty, he caused a survey to be made, and afterwards obtained a patent from the state of Virginia therefor, the 1st day of February 1786.
On the day of one thousand seven hundred and ninety-three, Thomas Austin convoyed the whole tract which had been patented to him to Chapman Austin, Reuben Austin, Henry Timberlake and John Crenshaw; but whether or not these vendees ever actually agreed upon a division of the land, and executed deeds of partition between them, We have no positive information from any tiling contained in the record, though it is most probable that they never did so.
However, on the 10th of February, one thousand seven hundred and ninety-five; Chapman Austin conveyed to John Hughes, by deed, giving the metes and bounds, three -hundred and fifty acres of the land patented to Thomas Austin; and on the 8th of July, one thousand eight hundred, Chapman Austin conveyed by similar deed, six hundred and fifty acres of the same tract of Thomas Austin, to William Chapman. These deeds from Chapman Austin, purport to convey an absolute estate in fee to each of the vendees therein named, and together comprehend one thousand acres.
Chapman and Hughes convey their purchases, and under them the defendants residents in Fleming deduce their title.
Bodley’s bill, in Mason, on his entry for land held under the elder grant, partly, in Mason and partly in Fleming county, against the occupants in Fleming and the non-resident claimants of the residue.
Publication against the nonresidents.
Answer of the resident defendants.
William Chapman and John Hughes afterwards disposed of the land described in their respective deeds to others, under whom, or those claiming under them by various transfers and conveyances, all of the resident appellants claim. The whole of the one thousand acres, conveyed by Chapman Austin to Win. Chapman and John Hughes, lies in the county of Fleming, and has been actually possessed and; occupied by those claiming under them for upwards of twenty years before the commencement of this suit But it appears that more than one half of the four thousand acres patented, to Thomas Austin, lies in the county of Mason, where the suit was brought.
To obtain a conveyance and the possesion of the land, from the persons holding the'one thousand acres under the deeds from Chapman. Austin, as well as to obtain a conveyance from the heirs of the patentee, Th’s Austin, Chapman Austin, Henry Timberlake, John Crenshaw and Elizabeth S. Austin devisee of Reubin Austin, all of whom are alleged to be non residents, and hold interests in the whole four thousand acres, Bodley exhibited his bill in equity, in the Mason circuit court,.setting up and relying upon an entry for twenty thousand acres, made in the name of John Tibbs, &c. the 31st of July, 1783,
The non resident defendants, made no answer to Bodley’s bill, and the cause was heard as to them on order and publication.
The resident defendants claiming under the deeds of conveyance from Chapman Austin to John Hughes, and Win, Chapman, answered the bill, denying and protesting against the jurisdiction of the Masan circuit court, setting out the various deeds and transfers, through which they claim, alleging and relying upon a.continued possession.of the one thousand acres, conveyed, by Chapman Austin by them, and those under whom they claim for upwards of twenty years before the commencement of the and against them; and putting Bodley upon the proof of every thing necessary to establish the validity of the entry under which he claims.
Decree of the circuit court.
Circuit court in which no defendant resides, or is served with process, and where no part of the land is situate, has no jurisdiction of n bill on the entry.
Suits in chancery are local —as for partition, dower, &c. and there the bill must be where the land is situated — or transitory, as where the decree shall be against the person, and here the jurisdiction is in the circuit, the defendant may be served with process.
*436 The court below sustained the entry of Tibbs &c. anti pronounced a decree against the defendants in that court, for all of the land in contest, except one fourth of the one thousand acres which Chapman Austin conveyed to John Hughes and William Chapman, and as to that fourth, decreed that tho equity set up by Bodley, under the entry of Tibbs, &c. was barred by the lapse of time during which the resident defendants have held the adverse possession.
From that decree the defendants appealed.
The first question proper to he noticed, involves an inquiry into the jurisdiction of the circuit, court; of Mason, over the present contest. The jurisdiction of that court is objected to on the ground, that neither of the appellants against whom the. suit was brought, and against whom the decree was pronounced, reside in Mason county, and that all the land claimed by the resident appellants lies in the county of Fleming. Were there no other land involved in the contest, than that which lies in Fleming, it would be perfectly clear that the circuit court of Mason, should have refused to take cognizance of the matter. For as there would, then, be neither subject, matter nor person, within the circuit of Mason, there could of course be nothing of which cognizance might be taken, and upon which the jurisdiction of that court could be exerted.
Suits in chancery, like actions at law, are sometimes local, and again transitory They may bet said to be focal whenever front the cause of complaint, it becomes necessary for the decree to act upon the thing, as in cases of partition and dower; t hut they are always transitory, when instead of acting upon the thing, the decree to be pronounced has to be inforced by acting upon the person. In cases of the latter sort, the cause of action always follows the person, and suit may he brought in any county where the defendant may be; but in the former class of cases, the jurisdiction attaches to the thing, abides with it, and can only be brought into action by suit in the county or circuit where the thing is, Whether therefore a suit Like the present be consid *437 ered either local or transitory, the circuit court of Mason ought not to have taken jurisdiction of the matter, if no other land than that which is held by the resident defendants, and which lies in the county of Fleming, was involved in the contest. Considered as a transitory action, that court should not have taken jurisdiction, because all of the resident appellants resided in Fleming, and none of them were found in Mason, to be served with process, and considered as local, the circuit court of Mason has no jurisdiction, because the land which fixes its locality lies in the county of Fleming.
Mason circuit court has not jurisdiction of a bill on the superior entry for the legal title to land partly in that and partly in Fleming county, against non-residents holding the legal title to parts in both counties but having no possession, and residents owning and occupying parcels in Fleming.
But, as has been already remarked, the one thousand acres claimed by the resident appellants, forms a part of the four thousand acres, entered and patented in the name of Thomas Austin, and although the whole of the one thousand acres lies in Fleming county, above half of the four thousand acres of which it is a part, lies in the county of Mason, and the principal part of that which lies in Mason, as well as that which lies in Fleming, is included within the entry, survey and patent of Tibbs, &c. under which Bodley claims, and it is to recover the part lying in the county of Mason, as well as that in the county of Fleming, Badley’s suit was brought, so that conceding that the circuit court of Mason ought not to have entertained jurisdiction of the cause, if the object of the suit liad been only to secure the land lying in Fleming, the question arises whether or not in consequence of the interference between the patents of Austin and Tibb’s &c. including land in both counties, it was competent for Bodley to exhibit his bill in the circuit court of Mason, and proper for that court to take jurisdiction of his case for the purpose of investigating the relative validity of the claims in both counties. The question is not, however, one of difficult solution. If the cause of suit be transitory, as none of the appellees were found in the county of Mason, there was no person in that circuit to whom the jurisdiction could attach, so as to authorise the court of that county, to take cognisance of the case; and if the Gauss of suit be local, *438 whether its locality be considered as arising from the subject matter, or the decree to be rendered, it is equally evident that, as respects the land in Fleming, the circuit court of Mason should not have taken jurisdiction, in each case the locality of the cause of action, attaches to the thing in contest. and under the statute prescribing jurisdiction to circuit courts, it is over things within their respective circuits only, that any power or jurisdiction over the thing is given.
Where the elder patentee is not in possession, the bill on the adverse entry is not a local but transitory suit, and must be brought where the process can be executed —The bill in such case cannot be maintained in the circuit where the land is situated, by publication against the non-resident defendants.
Rut the truth is, the cause of complaint set up by Bodley in his bill, except so much thereof, as may be considered as claiming to be restored to the possession of that part of the land which lies in Fleming county, must be considered, not of a local, but transitory nature. Neither Bodley himself,, nor either of the appellants are alleged or proved to be possessed of any part of the land which lies, within the county of Mason, and as respects that part of the land claimed, the object of Bodley’s hill, is exclusively, to obtain a conveyance from the persons holding the adverse legal title, derived from the commonwealth of Virginia, under the patent to, Thomas. Austin, for four thousand acres. Wore it therefore conceded that Bodley has good cause for the aid of the court, as respects the land in Mason,, the only relief that could be given, would be a decree for the title; and that decree would have to be in, forced, not by acting upon the land, but by compelling the holders of the legal title, to convey the same to Bodley. In such a case, therefore, the thing which the object of the suit is. to have done, and which it would he competent for tho court to compel the holders of the title to do, is of a transitory nature, capable of being performed any where, and as such, the suit asking the aid of the court to procure it to be done, must partake of its transitory character, and be transitory also. Herewith agree the cases of Bonn and wife, against M'Millen, 1 Bibb 409; Cave against Trabue, 2 Bibb 444; and Owings against Beall, 3 Littell 103.
There being therefore, no person within the county of Mason upon whom process could be served, *439 and no part of the land possessed by any of the appellants being in that county, there cannot be said to have been a cause of action within that circuit over which tho court could regularly take jurisdiction, and of course the court ought to have refused to progress with the cause, and dismissed Bodley’s bill.
Crittenden Reed and Brown, for plaintiffs; Barry and Haggin, for defendant.
The decree must consequently be reversed with cost, tho cause remanded to the court below, and a decree there entered conformable to this opinion.