Chief Justice Bibb
delivered the Opinion of the Court.
In September, 1823, Morton exhibited his bill in the Ohio circuit court, against Lewis, in which he sets forth, that Lewis and himself exchanged lands, lie» agreeing to convey to Lewis 500 acres, in Nelson, and Lewis to convey to Morton 1,300 acres, in Ohio county, part of a large tract; Lewis to give him £20 in cash, Over and above. He states that in pursuance of said agreement, he conveyed to Lewis the 500 acres, by deed exhibted, which bears date 11th August, 1789; the consideration £100: — That in pursuance of the agreement, Lewis paid the £20, and executed two deeds to complainant for the thirteen hundred acres which he refers to; one of these, (exhibit 50,) bears date 6th May, 1792 : the consideration is one hundred pounds, expressed to be part of said Lewis’ tract of 9728 acres, and adjoining the lands of said Morton, being one of the tracts surveyed for said Morton by Robert Baird; this tract is for; 500 acres; it is a deed with, general warranty, *2 and expresses also on its face, that Lewis gives Morton “full possession of the above tract of land.” Upon the back is endorsed a receipt for £100, the consideration, signed by Lewis, and dated same day. The other dead, executed by Lewis to Morton for the residue is not filed, although Morton admits its execution and refers to it as an exhibit, No. 40. The grant of the Commonwealth of Virginia to Lewis, for the tract of 9,738 acres, dated April, 1793, is also exhibited.
Prayer of the bill"
Subpasna to Jíolson, and there executed.
Decree on the bill without answer.
The bill alleges that Morton settled on the land contained in deed exhibited, No. 50, under a belief that Lewis had conveyed the title; that he has made lasting and valuable improvements, and was at great expense in establishing a ferry on Green river, on said land: — he complains that said tract of 500 acres “is almost entirely outside of the tract that said Lewis stated it to lie in, which was a tract of 9,738, patented to said Lewis.”
The bill prays for a resdsc ion of the contract, if Lewis is still I he owner of the 500 acres in Nelson, received from Morton, then for a reconveyance; but if that tract cannot be re-convoyed by Lewis, then that Lewis be compelled to pay for all improvements put upon the hind, and for all money expended in establishing the ferry, deducting therefrom the £30, which Lewis paid complainant, and for a decree to sell the hud deeded by Imwis, by exhibits 50 and 40, so far as Lewis has title to the lands embraced therein.
The subpoena was sent to Nelson county, and there executed on the defendant.
The defendant not answering, a decree was taken at April term, 1824, for the value of the 500 acres of land, in the deed of Lewis to Morton, and for the improvements, according to an assessment made instanler at the hearing; and, therefor, a decree was rendered to the amount of $3100, and for that the complainant was to have execution with costs, without any other or further decree touching the rights and interests of Lewis.
Without entering into the detail of objections to *3 the decree, it is sufficient to say, that from the case as stated by complainant, ¿n his bill, exhibits, and process, neither the court of Ohio, nor any court of chancery, ought to have sustained his complaint.
Equity jurisdiction — in 7liai cas?s whe>re transitory — ti e pUíPhsiJqq ’1 Bl ’
Case of a bill ¡>ythe par¿ee^wiái warranty thirty years ry claim, brought to re~clI1(l ¡-he for damages, on the ground of defect of tif01.’want of equity and jurisdiction,
Crittenden, for plaintiff; Hardin, for defendant,
According to the principles settled in the case of Dunn vs. McMillan, (1 Bibb, 409,) the complaint in this bill was not local. The land was not the subject of jurisdiction to one circuit more than to anothér, the action ivas transitory, and to be exercised over the person of the defendant, Lewis; he was not resident in Ohio, nor found there, but the process was sent from Ohio to NeLor., and there served.
But by the bill and exhibits, the contract appears of long standing, executed finally by the deed of 1792 ; the bill was not filed until 1823. The complainant admits himself in possession; he, by the deed of 1792, accepted possession under Lewis, as in the deed is .expressed; he alleges no disturbance, no eviction; he does not pretend that there is any adverse conflicting claim superior to Lewis’ under his grants of 9,728 acres; he accepted the deed as a part of that grant, but now says Levis' grant aoes not cover all the land. Why hs supposes so, what fact his conjecture is founded on, is not stated; no other person sets up claim to uisiurc 5 as possession, which, from his bill, must be Hien to be upwards of barty years corbinuanco. Under these circo stances, the court should have dismissed the bill, leaving the complainant to take his remedy at law, upon his warranty, if ever he should be evicted.
It is, therefore, decreed and ordered, that the decree of the circuit court be reversed, and the cause remanded, with directions to that court to dismiss the bill.
Plaintiff in this court to recover his costs in this behalf expended.