Judge Robertson
delivered the opinion of the Court.
Nancy Dougherty owned an estate in land, slaves and money. She had no children. Her two sisters were her nearest relatives, and the only persons who would be entitled to her estate, by inheritance. One of these was the wife of the defendant, With whom Nancy Dougherty lived. In the year 1825, the defendant received from the sheriff of Madison, $711, for Nancy Dougherty, on an execution in her favor, against Wm. Barnet. In the same year she executed the following receipt to the defendants *374 “Received of Stephen Goggin, in full of all dues, debts or demands, up to this present date, &c. &c. this 5th day of November, 1825.
J ‘
Administration with the granted*to^ ’ Kennedy.
The will ofdence'and'" rejected; bill of exceptions,
in parol contracts, the deeteactioñ for the consideration dethe winingness and abiloi
*374 NANCY DOUGHERTY.”
Attest. Robert P. Stapp.
It was proved by Stapp, that before the date of the receipt, she bought from the defendant a tract of land', for which, among other things, she gave him the $711 received by him, for her, from Barnet. This was also abundantly proved by others. The contract for the land was verbal, and no memorandum- of it was ever reduced to-writing. This also is abundantly proved'.
Nancy Dougherty, shortly after the date of the rece*P‘> mac*e her wiH? in which she devised this tract of land to her unmarried, sister, Letitia. Which will was proved in January, 1826.
Joseph Kennedy administered, with the will- annexed, on the estate of the testatrix; and in that characfer brought this suit in indebitatus assumpsit, to recover fr°m Stephen Goggin the money which he had collected for Nancy Dougherty.
After the foregoing facts were proved, (with the exception of the will) the plaintiff offered the will in evi^ence? stating to the coiirt, (as appears by the record,) that his object was, after showing the will to the jury, to prove a demand by the devisee, of the title to the land, from Goggin, and a refusal by him. to make it. The court refused to admit the will. The plaintiff then proposed to prove a demand of the title, by Letitia, who, as heir without the will, would be entitled to a moiety of the land. The court also refused to permit this testimony. To each of which opinions, on the admissibility of the testimony offered, the plaintiff excepted.
In parol contracts for land, the purchaser may maintain an action at law, to recover the consideration which be may have advanced, provided the vendor had failed and refused to convey, according to the contract. If there had been no delinquency on the part of the ven<jor? an(j he had been able, ready and willing to perform his contract; assumpsit being an equitable action, would not be tolerated for the reclamation of the price *375 paid by the purchaser, in this case, therefore, if the jury had been satisfied that Nancy Dougherty had bought the land from Stephen Goggin, by a parol contract only, and had paid him the consideration, or any part of it, and that he had been guilty of a breach of his contract to convey, and had shown an unwillingness to do it, they ought to have found a verdict for the plaintiff, “pro tafo.”
When conveyancenot a day^or^n demand, or on condition, boundto convey presently, and n° dej^ytea right of aotlon^taiml'to^ recover without the evia™¡oere°gCP(rte(f yet iftbeevidence were ca,culated to case^it is an injury to him t0 exclude it, y
a(im’r. alone,
As there was no proof of any condition in the contract, as to the time of conveyance or a demand for it, Goggin was bound presently to make the title. And for failing to do so, suit might have been brought at any time without demand. Griggs vs. Bondurant, 3 Monroe, 178; Dun and ux. vs. M’Millan, 1 Bibb, 409. ffo are, therefore, of opinion, that the contract and payment being satisfactorily proved, a right of action vested in the administrator, without proof of a demand.
But proof of a demand and refusal would fortify the equity and moralily of the claim to the money, and therefore, any competent testimony on that point, would have been admissible. Hence it was proper to offerthe will. That vested in Letitia Dougherty, the right to the land. By showing this and the refusal of Goggin to make her a title, the right of action for the money, would be irresistible. The court, therefore, erred in refusing to admit the evidence offered. The plaintiff might be entitled to recover without this additional proof. But as it tended to make his claim stronger and more obvious, he had a right to use it before the jury. Goggin is certainly not entitled to the land and money both. If he has been unreasonably delinquent, and has been willing to take refuge under the statute of frauds and perjuries, the right of the administrator to the money would be indubitable. The testimony offered would have conduced to prove, the renunciation by Goggin, of the contract, and a disposition on the other side, to abide by it in good faith.
The administrator alone, under the circumstances proved, would have a right of action. The breach, if any, was in the lifetime of the testatrix, as well as afterwards. The refusal since, to convey, (if he did refuse,) is evidence of Goggin’s indisposition to do it before. But in such a case we should be inclined to *376 the opinion that, if the contract had been to convey on demand, and no demand had been made, until aftéí the death of the testatrix, the assumpsit for the consideration advanced by her, should be brought in the name of her personal representative. The court ought, however, to have awarded a new trial.
Turner and Breck, for the plaintiff; Caperton and Goodloe, for defendant.
Judgment reversed, and the cause remandfed for á new trial, to be conducted according to the principiéis of this opinion.